**SUSAN MARTIN (AZ # 014226)**
**DANIEL BONNETT (AZ # 014127)**
**JENNIFER KROLL (AZ # 019859)**
**MARK A. BRACKEN (AZ # 026532)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com
mbracken@martinbonnett.com

**DANIEL POCHODA (AZ # 021979)**
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
dpochoda@acluaz.org

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KayAnne Riley,<br><br>          Plaintiff,<br><br>vs.<br><br>City of Prescott, Arizona, a political subdivision; Yavapai Humane Society, an Arizona non-profit corporation; Marlin Kuykendall, individually and in his official capacity as Mayor of the City of Prescott, and Tana Kuykendall, husband and wife; Steve Norwood, individually and in his official capacity as City Manager of the City of Prescott and Shelly Norwood, husband and wife; Ed Boks and Adele Langdon, husband and wife; Marty Goodman and Jane Doe Goodman, husband and wife,<br><br>          Defendants. | CASE NO.: CV-2011-08123-JAT<br><br>**PLAINTIFF'S MOTION FOR ORAL ARGUMENT; OR IN ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY** |

Pursuant to L.R.Civ. 7.2(f), Plaintiff requests that the Court grant oral argument on City of Prescott Defendants' Motion to Dismiss in order to allow Plaintiff an opportunity to address and clarify allegations and issues City of Prescott Defendants raised for the first time in their Reply brief. Plaintiff did not originally request oral argument in her Response brief. (*See* Doc. 12.) However, after review of Defendants' Reply brief, Plaintiff believes that oral argument is necessary to address several allegations and issues raised in Defendants' Reply brief.

The City of Prescott Defendants filed a Motion to Dismiss on August 15, 2011. (Doc. 6.) Plaintiff filed an Opposition to City of Prescott's Motion to Dismiss on September 1, 2011. (Doc. 12.) The City of Prescott Defendants filed a Reply on September 12, 2011. (Doc. 17.)

"The general rule is that a party cannot raise a new issue for the first time in its reply briefs." *Larson v. Johnson*, 2007 WL 2023485 (D. Ariz. 2007) (citing *Thompson v. C.I.R.,* 631 F.2d 642, 648 (9th Cir.1980); *Martinez-Serrano v. I.N.S.,* 94 F.3d 1256, 1259 (9th Cir.1996); *Eberle v. City of Anaheim,* 901 F .2d 814, 818 (9th Cir.1990); and *In re Riverside-Linden Inv. Co.,* 945 F.2d 320, 324 (9th Cir.1991)). "The unfairness of such a tactic is obvious. Opposing counsel is denied the opportunity to point to the record to show that the new theory lacks legal or factual support." *Sophanthavong v. Palmateer*, 378 F.3d 859, 872 (9th Cir. 2004).

Here, the City of Prescott Defendants made multiple materially incorrect statements in their Reply in Support of Motion to Dismiss that Plaintiff should be granted an opportunity to respond to either through oral argument or in a sur-reply. For example, Defendants misquote Plaintiff's Response. Defendants' Reply brief states: "Indeed Plaintiff's argument admits she 'may not yet have all the facts and evidence relevant to her claim," but asks the Court to allow her to proceed anyway. Plaintiff's Response, p. 14, lls 22-25." (Doc. 17, p. 10:16-20.) In fact, Plaintiff stated, in full: "Although Plaintiff may not yet have all the facts and evidence relevant to her claim because the information is within the possession and control of the Defendants or other third parties, at this time

Plaintiff has pled facts that allow the Court to draw the reasonable inference that the Defendants black-listed Ms. Riley." (Doc. 12, p. 14:22-28 (citation omitted).) Defendant quoted only a limited portion of a sentence in Plaintiff's brief and have misrepresented Plaintiff's position.

In addition, Defendants state: "Plaintiff has failed to cite to a single case that holds that, even if these things were true, such conduct violates clearly established constitutional principles." (Doc. 17, p. 6:8-11.) However, Plaintiff cited two cases, *Giebel v. Sylvester*, 244 F.3d 1182, 1189-90 (9th Cir. 2001); *Edwards v. South Carolina*, 372 U.S. 229, 235-36 (1963), that demonstrate that Plaintiff's affiliation with the PCAB and involvement in a public demonstration are clearly established forms of speech. (Doc. 12, p. 10:6-9.) Defendants also argues for the first time in their Reply that Plaintiff attempts to raise a state law wrongful termination claim not found in her Complaint. (Doc. 17, p. 7.) Plaintiff asserted a wrongful termination claim under the Arizona Employment Protection Act, A.R.S. § 23-1501, *et seq.*, (Doc. 1, p. 2:2-3 & pp. 17-19); however, Defendants argue for the first time in their Reply that Plaintiff raised her claim under the wrong subsection of A.R.S. § 23-1501. Defendants also cite several new cases in their Reply addressing their qualified immunity claim. (*See* Doc. 17, pp. 5-7.)

Accordingly, Plaintiff requests oral argument on Defendants' Motion to Dismiss or, in the alternative, requests leave to file a sur-reply to address issues and allegations raised for the first time in City of Prescott Defendants' Reply in Support of Motion to Dismiss.

Dated this 23rd day of September, 2011.

                MARTIN & BONNETT, P.L.L.C.

                By: s/Mark Bracken
                    Daniel L. Bonnett
                    Susan Martin
                    Jennifer L. Kroll
                    Mark Bracken
                    1850 N. Central Avenue, Suite 2010
                    Phoenix, AZ 85004
                    (602) 240-6900

-and-

Daniel J. Pochoda
ACLU FOUNDATION OF ARIZONA
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
 (602) 650-1854

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON September 23, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona by using the CM/ECF System for filing.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court CM/ECF system.

James M. Jellison, Esq.
Jellison Law Offices, PLLC
3101 North Central Avenue, Suite 1090
Phoenix, AZ  85012

Charles Anthony Shaw, Esq.
Law Offices of Charles Anthony Shaw, PLLC
140 N. Granite Street
Prescott, AZ  86301

Mr. Eric C. Chester
Attorney at Law
448 South Montezuma Street
Prescott, AZ  86303


s/Kathy Pasley
Legal Assistant