IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KayAnne Riley, | NO. CV-11-08123-PCT-JAT |
| Plaintiff, | |
| vs. | **ORDER** |
| City of Prescott, Arizona, a political subdivision; Marlin Kuykendall, individually and in his official capacity as Mayor of the City of Prescott, and Tana Kuykendall, husband and wife, | |
| Defendants. | |

Pending before the Court is City of Prescott Defendants' Motion for Reconsideration Regarding Sanctions for Spoliation (Doc. 319). For the following reasons, the Court denies Defendants' Motion to Reconsider.

**I.  INTRODUCTION**

On February 19, 2014, the Court entered an Order (Doc. 312) granting or denying several motions, including granting Plaintiff's Motion for Discovery Sanctions (Doc. 271 at 12–21) related to Defendants' alleged spoliation of certain email evidence, and denying Defendants' Cross-Motion for similar discovery sanctions against Plaintiff (Doc.

285 at 23–25). On March 5, 2014, Defendants filed a Motion to Reconsider (Doc. 319) these two rulings.

## II. LEGAL STANDARD

Generally, motions for reconsideration are appropriate only if: (1) the movant presents newly discovered evidence; (2) the Court committed clear error or the initial decision was manifestly unjust; or (3) an intervening change in controlling law has occurred. *School Dist. No. 1J, Multnomah Cnty., Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party should not file a motion to reconsider to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). The Court ordinarily will deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

## III. ANALYSIS

Here, Defendants present no newly discovered evidence or intervening change in controlling case law. Instead, Defendants suggest this Court committed "clear error resulting in a manifestly unjust ruling." (Doc. 319 at 3). Specifically, Defendants rehash (*id.* at 3–8) their previous argument (Doc. 285 at 23–25) that because Riley's behavior regarding the deletion of emails was allegedly more egregious than Defendants'

behavior, sanctioning Defendants but not Riley is "manifestly unfair and unjust" (Doc. 319 at 7). The Court notes that the only "new" aspect of Defendants' argument is the increasingly misleading spin with which Defendants frame the "facts" of the case.[1] Before its previous Order, the Court considered these and other material facts. Consequently, to the extent that Defendants' arguments in the Motion to Reconsider are repetitions of its earlier written and oral arguments, the Court will ignore the repetitions. LRCiv 7.2(g)(1).

Additionally, Defendants argue that this Court's Order creates an unjustified double standard because the Court speculates as to whether the Mayor's unavailable emails are "relevant" to the case, but refuses to speculate on the relevance of Plaintiff's destroyed emails. (Doc. 319 at 6–8). Defendants urge this Court to, for consistency's sake and to avoid committing a manifest injustice, either sanction both parties, or neither party. (*Id.* at 8).

To the extent that this argument has not previously been made by Defendants and considered by the Court, however, the argument rests on a gross mischaracterization of the Court's previous Order. The Court previously explained that a party seeking sanctions for spoliation of evidence must prove several elements, including that "the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence." (Doc. 312 at 36 (quoting *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d. 997, 1005 (D. Ariz. 2011)).

---

[1] For example, Defendants claim that "the Court acknowledges that Plaintiff Riley engaged in wholesale destruction of electronic communications." (Doc. 319 at 5 (citing Doc. 312 at 36:18–19)). In fact, the Court only acknowledges that "*Defendants' allege*

Then, the Court carefully considered Defendants arguments, but found that "Defendants cannot be entitled to sanctions against Riley because Defendants *have made no attempt* to satisfy the third element, relevance." (Doc. 312 at 37 (emphasis added) (citing Doc. 285 at 23–25;    Doc. 297)). The Court further explained that "Defendants have not made any showing regarding what, if any, evidence possibly could have been lost that may be relevant to Riley's claims or Defendants' defenses. Indeed, Defendants *have not even speculated* as to what relevant evidence may have been discovered in Riley's email." (Doc. 312 at 37 (emphasis added)).

In contrast, Plaintiff specifically alleged that the emails deleted by the Mayor were relevant because they discussed Plaintiff and her protected speech activities and directly or indirectly caused Plaintiff's employer to take an adverse employment action against Plaintiff.  (*See id.* at 24–32). Moreover, the Court specifically found that Plaintiff's "speculation"[2] as to the potential relevance of the contents of the deleted and undiscovered emails was supported by the factual record. (*Id.* at 33).

Thus, the Court's previous Order could not have been more clear about the difference between Plaintiff's and Defendants' spoliation claims: Plaintiff met the element of relevance while Defendants did not even attempt to do so. Therefore, the Court finds that its previous Order regarding spoliation and discovery sanctions does not contain clear legal error. Additionally, sanctioning Defendants' conduct but not

---

that Riley deleted numerous emails that may have been relevant to this litigation and even closed an email account." (Doc. 312 at 36:18–19 (emphasis added)).

[2] The Court notes that because the contents of a deleted and undiscovered email cannot be known with certainty, permissible adverse inferences about the contents of the emails are inherently "speculative."

4

Plaintiff's conduct is not "manifestly unjust." Defendants must show more than a disagreement with the Court's decision; the Court should not grant a motion for reconsideration unless there is need to correct a clear error of law or prevent manifest injustice. *See Motorola, Inc*, 215 F.R.D. at 586. Such is not the case here. Defendants have failed to present this Court with cause to reconsider its February 19, 2014 Order granting Plaintiff's Motion for Discovery Sanctions and denying Defendants' Cross-Motion. For the reasons set forth above, Defendants' Motion for Reconsideration is denied.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 319) is DENIED.

Dated this 25th day of March, 2014.

James A. Teilborg
Senior United States District Judge